# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**LINNETH ROSE BROWN,**

     **Petitioner,**

v.                                         **Case No. 3:11cv479/RV/CJK**

**UNITED STATES OF AMERICA,**

     **Respondent.**

_____/

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 1).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that petitioner has not demonstrated entitlement to proceed under § 2241, and that this action should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate confined at the Federal Correctional Institution in Tallahassee, Florida, is currently serving a sentence imposed by the United States District Court for the Northern District of Florida ("Northern District") in *United States v. Daley, et al.*, Case Number 3:90cr3057.  (Doc. 1, p. 2).  Petitioner was

convicted of one count of conspiracy to possess with intent to distribute fifty grams or more of a cocaine base, in violation of 21 U.S.C. § 846. (Doc. 1, p. 2; *see also United States v. Daley, et al.*, Case Number 3:90cr3057 (doc. 338)). Petitioner's conviction was affirmed on appeal. (*See United States v. Daley, et al.*, Case Number 3:90cr3057 (doc. 178)). Petitioner also filed two motions to vacate her conviction pursuant to 28 U.S.C. § 2255, both of which were denied by this court. (*See United States v. Daley, et al.*, Case Number 3:90cr3057 (docs. 221, 285)). Further, petitioner has filed several motions pursuant to 18 U.S.C. § 3582, which requested a recalculation of her offense level due to the quantity of cocaine attributed to her. (*See United States v. Daley, et al.*, Case Number 3:90cr3057 (docs. 312, 337, 382, 399)).

In this habeas action, petitioner challenges her 1990 judgment of conviction and sentence, alleging that she was improperly assigned a four level organizer role, and is therefore being illegally detained. (Doc. 1, p. 3). Petitioner seeks to bring her petition under the "savings clause" of § 2241, alleging that a § 2255 motion "is ineffective or inadequate because the petitioner was convicted and sentenced in 1990 . . . . and this claim was . . . not available at the time [that] she filed her 2255 . . . ." (Doc. 2, p. 9). As relief, petitioner seeks a "4-level downward departure qualifying her for immediate release." (Doc. 1, p. 6).

## DISCUSSION

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."); *Broussard v. Lippman*, 643 F.2d

1131 (5th Cir. Unit A Apr. 27, 1981)[1] ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."). Direct review of a federal conviction and sentence may be sought by filing a notice of appeal in the underlying criminal case. A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court which imposed the sentence. *Darby*, 405 F.3d at 944. Section 2255 authorizes the filing of a motion to vacate, set aside, or correct a federal sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Section 2255(e) bars a § 2241 petition if the prisoner has failed to seek or has already been denied relief on a § 2255 motion, "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008) ("[A] § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so."). The narrow exception to the § 2255(e) bar is called the "savings clause." *Gilbert v. United States*, 640 F.3d 1293, 1305-06 (11th Cir. 2011) (*en banc*), *cert. denied*, — U.S. — , 132 S. Ct. 1001, 181 L. Ed.2 d 743 (2012). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, 709

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

F.3d 1328, 1333 (11th Cir. 2013) (*citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 2979)). The Eleventh Circuit originally advocated a three-part test for use to determine whether § 2255 is inadequate or ineffective to test the legality of a prisoner's detention under the savings clause, *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999), but later classified the *Wofford* test as dicta.[2] *Turner*, 709 F.3d at 1333. Instead, the Eleventh Circuit determined that the actual holding of *Wofford* was "simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings," *Gilbert*, 640 F.3d at 1319, and further clarified that *Wofford* required a petitioner to satisfy two conditions in order to bring a claim under the savings clause: "[f]irst, the claim must be based upon a retroactively applicable Supreme Court decision . . . . [S]econd . . . the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." *Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013); *see also Johnson v. Warden*, No. 13-10741, 2013 WL 6850483, at *1 (11th Cir. Dec. 31, 2013) ("We have since interpreted *Wofford's* holding to impose two necessary, but not sufficient, steps to qualify under the savings clause: (1) the prisoner must present a retroactively applicable Supreme Court decision; and (2) that decision must have overturned circuit precedent that resolved his claim in a way that prevented him from bringing it at trial, on appeal, or in his first § 2255 motion.").

---

[2] The *Wofford* test requires a petitioner to show: "(1) that [the] claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford*, 177 F.3d at 1244. A prisoner must satisfy all three prongs of this test before the *Wofford* threshold is met. "[T]he savings clause does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id.* at 1245.

Although captioned as a § 2241 petition, petitioner is challenging the validity of her judgment of conviction and sentence, not the execution of her sentence. All of petitioner's claims are direct appeal or § 2255 claims that could have been raised in an earlier proceeding.[3] *See Antonelli*, 542 F.3d at 1351-52 ("[A] prisoner may not avoid [the] gatekeeping [provisions] under § 2244(b) or § 2255(h) by a mere change of caption when, in substance, their lawsuit collaterally attacks a [conviction or] sentence."). In fact, petitioner has brought her sentencing claims before this court on several occasions.[4] Petitioner avers that she is filing her claims under the savings clause and "in conjunction with the 2-level crack reduction of Amendment 706, which giave [*sic*] her the opportunity to bring this claim." (Doc. 2, p. 8). As the government indicates, petitioner's argument has been rejected by the Eleventh Circuit. *See Gilbert*, 640 F.3d at 1323 (holding, "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum."); *see also Hardy v. U.S.*, 443 F. App'x 489 (11th Cir. 2011). Notably, petitioner does not refute the applicability of *Gilbert*, but instead argues that the case was wrongly decided by the *en banc* Eleventh Circuit. (Doc. 12, p. 2). Moreover, petitioner has not demonstrated any of the requisite factors entitling her to proceed under the

---

[3] While petitioner argues that her instant claim was foreclosed to her at the time she filed her § 2255 motion, she only puts forward citations to the trial record and sentencing transcript as support for such a claim. Petitioner argues that she had no ties to several of her co-defendants and cites trial and sentencing transcripts as proof. These records, however, would have been available to her at the time she filed her § 2255 motion.

[4] Petitioner has previously moved for a reduction of her sentence pursuant to 18 U.S.C. § 3582 (docs. 312, 337, 382, 399), and the court has determined that petitioner's sentencing guidelines were unaffected by Amendments 706 and 750. (Docs. 352, 384, 385, 399).

savings clause. *See Williams*, 713 F.3d at 1343; *Wofford*, 177 F.3d at 1244. As petitioner has not demonstrated entitlement to pursue habeas corpus relief under the savings clause, she cannot bring her claims by § 2241.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be DISMISSED WITH PREJUDICE for lack of jurisdiction, as petitioner has not demonstrated entitlement to proceed under that section.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 12th day of February, 2014.

*s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).